UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

BETTER HOMES DEPOT, INC.,

                      Plaintiff,

        -against-

EVERETTE WEAVER, COLEEN WHYTE
and ELMA GIBBS,

                      Defendants.

---------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER

10-CV-3246 (CBA)

AMON, United States District Judge:

On July 15, 2010, Everette Weaver, appearing *pro se*, filed this notice seeking to remove a civil proceeding filed against him and other defendants from the Supreme Court of the State of New York, County of Kings, Index No. 25309/05. Petitioner paid the filing fee to commence this proceeding. The Court determines that removal should not be permitted, the petition is denied and the action is remanded to the Supreme Court of the State of New York, Kings County, pursuant to 28 U.S.C. § 1446(c)(4).

## Background

This action involves real property located at 489 Classon Avenue in Brooklyn allegedly purchased by petitioner Weaver in a foreclosure proceeding. This action was originally commenced in August 2005 by Better Homes Depot, Inc. against defendants Elma Gibbs and Coleen Whyte for specific performance after Whyte signed a contract to sell the property to Better Homes Depot as a vacant property. Petitioner Weaver was named as a co-defendant in 2009. Petitioner Weaver seeks to remove this action "because of fraud and corruption in the Kings County Supreme Court." Petitioner also filed a proposed order to show cause seeking, *inter alia*, to lift the stay of evictions at 489 Classon Avenue entered by the state court.

## Discussion

Title 28, section 1441, of the United States Code sets forth the criteria for removing a civil action from state court to federal court. The statute further provides for removal of claims over which the federal courts have "original jurisdiction," 28 U.S.C. § 1441(a), which means that a claim may only be removed to federal court if it could have been filed in federal court originally. Fax Telecommunicaciones Inc. v. AT&T, 138 F.3d 479, 485 (2d Cir. 1998); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("only state-court actions that originally could have been filed in federal court may be removed by the defendant."). Moreover, "federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removal statute also provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1046 (2d Cir. 1991) (holding that the thirty-day deadline for a notice of removal under § 1446(b) is mandatory and rigorously enforced), *superseded on other grounds*, Contino v. United States, 535 F.3d 124, 126-27 (2d Cir. 2008) (*per curiam*). Finally, all defendants who have been served must consent to removal of the state court action. Bill Wolf Petroleum Corp. v. Village of Port Wash. North, 489 F. Supp. 2d 203, 207 (E.D.N.Y. 2007); Smith v. Kinkead, No. 03 Civ. 10283, 2004 WL 728542, at *2 (S.D.N.Y. Apr. 5, 2004). "The burden is on the removing party to prove that it has met the requirements for removal." Codapro Corp. v. Wilson, 997 F. Supp. 322, 325 (E.D.N.Y. 1998).

Here, petitioner Weaver has not shown that removal of the state court action is proper. First, Weaver admits that he "was added as an additional defendant in 2009," see Petitioner's Grounds for Removal at 1, however, he did not file the notice of removal until July 15, 2010, well beyond the statutory thirty day maximum. Second, the other defendants named in the state court action have not consented to the removal of this action. Neither Coleen Whyte nor Elma Gibbs have signed the notice of removal or otherwise indicated that they consent to removal. Finally, there is no basis for original jurisdiction in federal court over this matter. The state action concerns real property and related eviction and foreclosure proceedings of the same property and other state law claims. Nothing in petitioner's grounds for removal support the proper removal of this state court action.

## Conclusion

Accordingly, the Court concludes that removal should not be permitted and the action is hereby remanded, pursuant to 28 U.S.C. § 1446(c)(4), to the Supreme Court of the State of New York, County of Kings, Index No. 25309/05. Petitioner Weaver's proposed order to show cause is denied as moot. The Clerk of Court is directed to immediately send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, County of Kings and to close the case in this Court. 28 U.S.C. § 1447(c). Although petitioner paid the filing fee to commence this proceeding, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       July 21 , 2010

s/Hon. Carol B. Amon
CAROL BAGLEY AMON
United States District Judge